ROGERS, C.J., dissenting.
The majority concludes that there is no genuine issue of material fact as to whether the defendants, Greg Laviero, and Martin Laviero Contractors, Inc. (Laviero Contractors), subjectively believed that it was substantially certain that the plaintiff, Dominick Lucenti, would be injured if he operated the excavator that was "rigged" to operate at full throttle. I agree with the majority that the substantial certainty exception to the exclusive remedy provision of the Workers' Compensation Act, General Statutes § 31-284 (a), requires a showing of the employer's subjective intent to engage in an activity that the employer knows bears a substantial certainty of injury to its employees. I disagree with the majority's conclusion, however, that there is no genuine issue of material fact as to whether this standard has been met in the present case.
The plaintiff presented evidence that Daniel Quick, a former employee of Laviero Contractors, had used the excavator at issue, that it malfunctioned, that Laviero ordered a mechanic to "rig" the excavator so that it **796 would operate only at full throttle, that Quick told Laviero that the rigged excavator "was too dangerous to operate" and that, if Quick operated it, "either I am going to get hurt or I am going to hurt someone."[1] In addition, the *21 plaintiff presented evidence that he had told Laviero that the rigged excavator was "jerky and dangerous," that Laviero agreed that it was dangerous and that he had no intention of repairing it because he planned to sell it. In my view, a jury reasonably could conclude on the basis of this evidence that Laviero knew that there was a substantial certainty that anyone who operated the excavator would be injured. Indeed, if this evidence does not establish a genuine issue of material fact with respect to the proof required to satisfy the substantial certainty exception, I cannot imagine how that exception could ever be established.
I recognize that, in addition to this evidence, the defendants have presented evidence that Laviero himself operated the rigged excavator both before and after the plaintiff was injured. As I understand the majority opinion, the majority relies heavily on this evidence to support its conclusion that "no genuine issue of material fact exists" regarding whether "the defendants subjectively believed that, because of their actions, the plaintiff's injuries were substantially certain to occur as a result of [the dangerous condition created by the rigged **797 excavator]." See footnote 12 of the majority opinion; see also Justice Palmer's concurring opinion. Although I agree with the majority that a juror reasonably could conclude from this evidence that Laviero did not subjectively believe that it was substantially certain that Lucenti would be injured if he operated the excavator, I do not agree that this evidence compels that conclusion. A jury could find that Laviero had used the excavator only briefly, that he was aware of, but indifferent to, the risk of injury and/or that there was some other explanation for his behavior that would be consistent with the knowledge that operating the rigged excavator was substantially certain to result in injury. Because I believe that there is a genuine issue of material fact as to the proof required to satisfy the substantial certainty exception, and I am concerned that the majority's decision may essentially preclude the availability of this exception, I respectfully dissent.

Although I recognize this constitutes hearsay, I consider it for the limited purpose of showing that the plaintiff could produce such competent evidence at trial in the form of testimony from Lauder. See Curry v. Allan S. Goodman, Inc. , 286 Conn. 390, 423 n.20, 944 A.2d 925 (2008) ("We recognize that many of the documents relied upon by both sides [on a motion for summary judgment] constitute hearsay. We, however, may consider these documents only for the limited purposes of showing that the parties could produce such competent evidence at trial in the form of testimony ...." [Emphasis omitted.] ); see also footnote 11 of the majority opinion.